## UNITED STATES v. DOLAN.

Crim. A. No. 8739.

United States District Court
D. Connecticut.

July 16, 1953.

759

Adrian W. Maher, U. S. Atty., New Haven, Conn., for plaintiff.

Curtiss K. Thompson, Bernard Greenberg, New Haven, Conn., for defendant.

HINCKS, Chief Judge.

### On Motion for Bill of Particulars

The defendant has been indicted for attempt to evade income taxes, by filing false income tax returns in violation of Section 145(b) of the Internal Revenue Code, 26 U.S.C. § 145(b). The indictment is in three counts laid, respectively, on the calendar years 1946, 1948 and 1949. Each count states only the reported net income and tax due, and the amounts claimed by the government as the correct net income and the correct tax due. There is no further particularization. The bill of particulars seeks as to each count an order requiring the government to break down into fifteen specifications the figures which it alleges as representing the correct net income. The bill is based on a claim that the specifications sought are necessary to the preparation of the defense and to protect against surprise.

Certainly these stated objectives of the bill are proper for relief by bill of particulars. Indeed, in my view, the function of such a bill is even broader: I think it may be invoked to save a defendant wholly needless labor in preparing his defense. Thus, if the case is such that the government relies for its proof of fraud solely upon one or more specific entries in the defendant's returns, it may properly be required to identify those entries so that the defendant in his preparation for trial may be in readiness to submit all possible evidence which he thinks will negate a showing of fraud founded on those entries, without expending the labor which would be necessary to present evidence as to entries which the government will not challenge. And so for reasonable assistance in the preparation of his defense as well as to prevent unfair surprise, I generally deem it to be a wise exercise of discretion in tax cases such as this to grant a motion requiring the government to identify every basic entry on a return the falsity of which it will seek to prove on trial. A basic entry in this sense is an underlying entry as distinguished from one which is merely a computation from other entries actually stated on the return.

By the same token, I think that generally in such cases, if by motion for a bill the defendant so requests, the government should be required to state if it will offer proof of fraud based upon the omissions from the tax return of data which the defendant was legally bound to report and, if so, to identify the omission with sufficient specificity to enable the defendant to have in readiness on trial any evidence relevant to the claimed omissions. Cf. U. S. v. Lebis, D.C., 92 F.Supp. 612. If, confronted with an order for such a bill, the Government is not able fully to state the sources of claimed unreported income it will, of course, be a sufficient compliance if it shall state that it proposes to prove the receipt of unreported income by expenditures made during the taxable period and proof as to the defendant's net worth on a specified date or dates which, it is claimed, will demonstrate a fraudulent omission.

Except perhaps in exceptional circumstances, it appears to me to be an unwise exercise of discretion to require the government to state by bill of particulars the amount in dollars of any claimed un-

derstatement or overstatement made in the tax return. If the government discloses that it will rely only on specific basic entries or identified omissions in the return, the defendant generally will have all the information reasonably necessary for the preparation of his defense and to prevent against surprise. Likewise, when the government discloses that it will rely on the so-called expenditures or net worth theory, it is sufficient if it discloses the period during which it will offer proof of expenditures made and the dates as of which it will offer proof of the defendant's net worth. U. S. v. Caserta, 3 Cir., 199 F.2d 905; U. S. v. Chapman, 7 Cir., 168 F.2d 997.

■ Compliance by the government with the procedure envisaged above should generally satisfy the defendant's desire for particularity. If not, the resulting lack of particularity may be due to the fact that the items on the defendant's return which the Government proposes to challenge are stated with less particularity than the law and regulations require, or to the fact that deficiencies in the defendant's books and records did not permit of greater particularity. In any event, to invoke the discretion of the court to compel greater particularity, the defendant's need therefor should be established by a demonstration that the need is real: a bare statement that the need exists is not enough. And no sufficient demonstration has been offered here in support of the motion.

It is true that there are cases, some of which the defendant cites in support of his pending motion, on which the government has been required to state what it claimed was a correct entry for the return. If these cases are based upon a theory that the government may not be allowed to prove that the return was fraudulent without proving just what the return would have been if untainted by fraud, I disagree. I doubt however, that these cases were decided on that theory. The reported decisions on which defendant relies fail to make it clear, to me at least, just why a statement of the claimed amount of understatement, or overstatement, was necessary to accomplish the proper objective of a bill, for aught that appears the rulings indicated in these opinions may have depended upon some exceptional feature of the case not discernible from the opinion.

■ But in the submission of the motion here, there was nothing to show that a bill of normal scope, as sketched above, would not fairly serve in this particular case. Here the motion wholly exceeds such scope. I must rule therefore that the motion be wholly denied.

It is so ordered.

### On Defendant's Motion to Dismiss the First Count of the Indictment

The first count of this income tax evasion indictment is laid on the defendant's return for the year 1946. Defendant moves to dismiss on the ground that the six-year Statute of Limitations had run. 26 U.S.C. § 3748. The indictment was filed on March 20, 1953, more·than six years after the alleged offense. Plainly the motion should be granted unless the Statute was tolled by the last sentence of the Statute, applicable only to certain offenses against the internal revenue laws, which reads as follows:

"Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district."

The government contends that the quoted extract from the Statute is applicable because on March 13, 1953 a sworn and written complaint was made before the Commissioner by one giving his official title as "Special Agent" stating:

"That on or about March 14, 1947, at Guilford in the District of Connecticut, Joseph S. Dolan, Jr. did wilfully and knowingly attempt to evade income taxes due and did file a false and fraudulent tax return."

The complainant did not represent that his charge was based only on information and belief and no persons were named in this complaint as material witnesses in relation to this charge. The charge was made absolutely without purporting to show the sources of the complainant's knowledge.

The defendant contends in substance that the so-called "complaint" was ineffective to toll the Statute because it did not constitute a "complaint" within the meaning of that word as used in the quoted extract from the Statute.

Thus is raised a question of statutory interpretation which is not as simple as a first glance would indicate. By the *institution* of a complaint does the Statute mean merely the presentation to the Commissioner of a sworn writing sufficient in content to satisfy the definition of a complaint contained in Rule 3, 18 U.S.C.A.? An interpretation of such scope, I think, should be rejected. It overlooks the fact that not every complaint presented to a Commissioner is automatically filed by him and accepted by him as a proper foundation instituting a criminal prosecution. The Commissioner's duties on such an occasion are outlined in a Commissioner's Manual prepared originally by a Committee of the Judicial Conference in 1943 and in 1948 revised by the Director of the Administrative Office, U. S. Courts, to incorporate changes necessitated by the adoption of the Federal Rules of Criminal Procedure. In the revised manual, Page 5, it is stated:

"The complaint is not necessarily filed on the mere request or suggestion of an investigating officer or other person. On the contrary, the commissioner should always examine on oath the person making the complaint as well as any witness who may appear before him. The commissioner should reduce the complaint to writing and require it to be dated, signed, and sworn to by at least one complainant and filed with him. * * *

"The procedure and prerequisites for issuance of a warrant of arrest by a commissioner are governed by Rule 4 of the Rules of Criminal Procedure. Since the complaint is the foundation for issuance of the warrant the commissioner should assure himself that the complaint shows probable cause for belief that a crime was committed and that the persons for whom the warrant is sought committed it."

■ These provisions, I think, correctly recognize that the United States Commissioner is a judicial outpost in our constitutional structure of defense against arbitrary executive action. In our system of criminal administration he is often the first judicial officer responsible for the enforcement of the Fourth Amendment prohibiting the issuance of warrants "but upon probable cause, supported by Oath or affirmation". In the discharge of this high responsibility he is required to reject a complaint and refuse a warrant of arrest unless satisfied that there is probable cause therefor.

■ In the discharge of this task a frequent difficulty with which a commissioner will find himself confronted arises when the complaint alleges, as I think it properly may, United States v. Walker, 2 Cir., 197 F.2d 287, facts essential to the offense which are essentially the conclusions or inferences of the complainant from underlying facts. This difficulty is presented when the complaint alleges as a fact the defendant's state of mind—as here it charges that he *fraudently with intent to evade* filed a tax return. To such cases particularly the provision of the manual above quoted have pertinence, and the commissioner should not accept the complaint as instituting a criminal prosecution until by examination under oath of at least one witness he finds probable cause for believing the existence of one or more underlying facts from which in their context the ultimate inference might reasonably be made. See U. S. ex rel. King v. Gokey, D.C.N.D.N.Y.1929, 32 F.2d 793.

■ This recognition of the responsibilities of the Commissioner sheds light on the interpretation to be accorded to the statutory toll. The Statute, Section 3748, by its general provisions is tolled by an indictment or information. An indictment and an information may properly be entertained only on a finding by the appropriate judicial authority of probable cause. Thus it is reasonable to interpret its exceptive provision for cases "where a complaint is instituted before a commissioner of the United States within" the prescribed period, to refer to a complaint actually presented

to a commissioner for his *formal* action which he properly found to be supported by probable cause.

▮ If, as I hold, such be the proper interpretation of the Statute, it is apparent that on the showing made on this motion the defendant cannot prevail upon its contention that the complaint by reason of its content was ineffective to toll the Statute. The court file shows that the complaint was in fact instituted before the Commissioner; for upon the complaint he issued a warrant of arrest. His action thus imports that he at least was satisfied that the complaint was based on probable cause and there is no basis whatever for a finding that the complaint was not instituted.

My holding is not at all inconsistent with the doctrine of Rice v. Ames, 180 U.S. 371, 377, 21 S.Ct. 406, 45 L.Ed. 577, and the cases stemming therefrom which defendant cites. These cases turn upon the distinction between complaints which on their face are made only on information and belief and those in which the complaining witness swears to facts—even conclusionary facts —absolutely without qualification. In none of these cases did the court have occasion to define complaints which were "instituted before a commissioner" within the meaning of Section 3748, which is the problem here. They hold only that a charge made solely on information and belief, even if in form sworn to, is nothing more than an allegation of a belief held by the witness,—which of course is not in itself the statement of an act constituting an offense, or the element of an offense, done by the defendant. However that may be those case are not germane to any problem here because (a) upon the record here it does not appear that the complaint was made only on information and belief and without probable cause, and (b) they do not purport to construe Section 3748.

▮ Other grounds for attack on the validity of the complaint are less substantial. There is a contention that it was invalid because the subscribing witness described himself as a "special agent", whereas the Statute, 18 U.S.C.A. 3045, authorized complaints for violations of the internal revenue laws by "revenue agents" as distinguished from so-called "special agents". But Section 4000 of the Internal Revenue Code authorizes the Commissioner to appoint "revenue agents" and Section 4001 authorizes him to assign any agent to special duty. Against this statutory background the designation of the complaining witness in the complaint here involved as "special agent" on its face imports not that the witness was not a "revenue agent" within the purview of Section 3045 but only that he was an agent assigned to special duty. This interpretation is supported by mimeograph 4, May 14, 1952 of the U. S. Treasury Department, Office of the Commissioner of Internal Revenue, which shows that the designation "Special Agent" is merely "descriptive of the duties" of an "Internal Revenue Agent" so assigned. However that may be, nothing in the law or the Rules requires that a complaint by a revenue agent under Section 3045 shall be valid only if it shows on its face his correct title.

▮ Lastly, the defendant attacks the efficacy of the complaint to toll the Statute of Limitations on the ground of variances between the complaint and the indictment. I agree that for the complaint to have efficacy for such a purpose it must charge the substance of the same offense as that on which the indictment is laid. But this requirement, I think, has been fairly satisfied. The first count of the indictment is laid on Section 145(b) of the Code which penalizes any person "who willfully attempts in any manner to evade or defeat any tax * * *." The indictment alleges that' "on or about the 15th day of March, 1947," the defendant attempted to evade "by filing a fraudulent document purporting to be his income tax-return for the calendar year 1946": the complaint charged that on or about March 14th the defendant attempted to evade and "did file a * * * *fraudulent tax return*" without specification that the calendar year involved was 1946. But these variances are too trivial to be of any significance. The important fact is that the complaint before the Commissioner

was amply broad enough to include the charge upon which the defendant was shortly thereafter indicted.

All grounds of attack considered, I find no showing that the complaint here involved was such as to lack efficacy to toll the statute.

It should also be noted that in another respect the record here does not support a dismissal because of the bar of the Statute. The final paragraph of Section 3748(a) contains a provision that "the time during which the person committing any of the offenses above mentioned is absent from the district * * * shall not be taken as any part of the time limited by law for the commencement of such proceedings." For aught that now appears, the proofs may show that the Statute was tolled by the defendant's absence from the district.

It is accordingly ordered that the motion be denied.