**UNITED STATES of America**
**v.**
**Nathan R. CARB, Defendant.**
**Cr. No. 43143.**

United States District Court,
E. D. New York.
Dec. 13, 1954.

---

6.  United States v. Coplon, 2 Cir., 1950, 185 F.2d 629, 638, 28 A.L.R.2d 1041.

---

Leonard P. Moore, U. S. Atty., Eastern Dist. of N. Y., Brooklyn, N. Y., Elliott S. Greenspan, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Angelo J. Cincotta, Brooklyn, N. Y., for defendant.

BRUCHHAUSEN, District Judge.

The defendant makes a motion for a Bill of Particulars. The notice of motion sets forth ten items of information, sought by the defendant.

The indictment, in substance, charges that the defendant evaded the payment of income tax for the year 1946, stating that his net income for that year amounted to $4,442.74, taxable at $577.03, whereas the Government claims the net income amounted to $43,490.51, taxable at $20,057.78.

Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., empowers the Court, in its discretion, to direct the filing of a Bill of Particulars in a case where the motion is made within ten days after arraignment, presumably to apprise the defendant of the Government's claim in ample time before the trial date.

■■■ It is settled law that a party is not entitled to his adversary's evidence. The purpose of a Bill of Particulars, if the indictment does not so allege, is to apprise the defendant of his adversary's claim so that he may properly prepare his defense and avoid surprise and substantial prejudice at the trial. United States v. Greve, D.C., 12 F.Supp. 372; United States v. Kushner, 2 Cir., 135 F.2d 668. Another purpose is to save a defendant needless labor in preparing his case. United States v. Dolan, D.C., 113 F.Supp. 757.

An examination of numerous decisions arising out of similar motions in income tax evasion cases leads this Court to conclude that the ruling by Judge Hincks, now a member of the United States Court of Appeals for this Circuit, in the case of United States v. Dolan, supra, is supported by the weight of authority.

In that case, the indictment covered a period of three years. Each of the three counts therein stated only the reported net income and tax due and the amounts claimed by the Government as the correct income and tax thereon, without further particularization. The Court set forth the information which may properly be the subject of a Bill of Particulars, viz.:

■■ (a) If the Government relies for its proof of fraud solely upon one or more basic or specific entries in the defendant's income tax return, it should identify those entries. A basic entry is an underlying entry as distinguished from one which is merely a computation from other entries actually stated on such return.

■■ (b) If the Government claims fraud, based upon omissions from the tax return of data, which the defendant was legally bound to report, the omissions should be identified with sufficient specificity to enable the defendant to prepare for the trial thereon.

■■ (c) If the Government is unable fully to state the sources of the defendant's unreported income, it will be a sufficient compliance if it states that it proposes to prove the receipt of unreported income by expenditures made during the taxable period and proof as to the defendant's net worth

on a specified date or dates which, it is claimed, will demonstrate a fraudulent omission.

■ (d) The Government need not state the amount in dollars of any claimed understatement or overstatement made in the tax return.

■ The motion is granted to the extent hereinabove indicated and otherwise denied, the Bill of Particulars to be served and filed on or before January 10, 1955. If the Government is unable to furnish any of such information because the defendant's books are not in its possession, it will suffice to so state.