**830**

UNITED STATES of America

v.

Larry KNOHL, Defendant.

Cr. A. No. 43642.

United States District Court,
E. D. New York.

Dec. 27, 1954.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for plaintiff by Cornelius W. Wickersham, Jr., New York City, of counsel.

Henry G. Singer, Brooklyn, N. Y., for defendant.

RAYFIEL, District Judge.

The defendant moves (1) to dismiss the indictment and (2) for a bill of particulars.

In support of the first item of relief sought the defendant contends that prosecution under the first three counts of the indictment is outlawed by the Statute of Limitations, 18 U.S.C.A. § 3282, and, further, that each of the five counts thereof fails to charge an offense.

His attack on the first three counts is grounded on the fact that they charge him with having failed to file income tax returns for the fiscal or calendar year 1948; with respect to counts 1 and 2, for and in behalf of corporations of which he was the president, and, with respect to count 3, in his own behalf; that the crime charged in each of said counts is a misdemeanor; that the indictment herein was returned on July 8, 1954, and, hence, is outlawed by the aforementioned Statute. I disagree. Each of the first three counts of the indictment charges the defendant with the *wilful attempt* to evade the payment of income taxes, a violation of Section 145(b) of Title 26, U.S.Code, a felony, and not section 145(a) of that title, a misdemeanor. The case of United States v. Smith, 3 Cir., 206 F.2d 905, which followed Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed 418, is exactly in point. In that case neither the defendant nor any of the four corporations controlled by him had filed income tax returns for the years covered by the indictment, and he was indicted under Section 145(b) of Title 26. He claimed that the crimes charged constituted violations of Section 145(a) and that the offenses were outlawed by the Statute of Limitations. The Court rejected that contention. Judge Staley,

in his opinion, stated, 206 F.2d at page 909, "Subjected to the test set out in Spies, we think the Government's evidence here was literally full of 'affirmative acts' and 'acts of commission' and was thus clearly sufficient to sustain the 145(b) conviction. There was evidence that defendant and his corporations received substantial amounts of income and that no returns were filed. The *'willfulness' element is a question of fact*, Battjes v. United States, 6 Cir., 1949, 172 F.2d 1; Maxfield v. United States, 9 Cir., 1945, 152 F.2d 593, certiorari denied, 1946, 327 U.S. 794, 66 S.Ct. 821, 90 L.Ed. 1021, and there was ample evidence from which the jury could have inferred it here." (Emphasis added.)

 In the case at bar, it is for the jury to decide whether the failure to file the returns was wilful. Accordingly the motion to dismiss addressed to the first three counts is denied.

As to the fourth and fifth counts I find that they comply with Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., and hence the motion as to those counts is denied.

We come now to the motion for a bill of particulars. Such relief will be granted when the indictment does not inform the defendant of the nature of the charges against him with sufficient particularity to permit him to properly prepare his defense. See Singer v. United States, 58 F.2d 74. I do not believe the instant indictment quite meets that test, and hence the defendant is entitled to some relief. But his demands are much too extensive and the great majority improper. Several of them seek the statute or regulation involved. A reading of the indictment will show that each count thereof cites the statute alleged to have been violated by the defendant.

The defendant's motion will be granted to the following extent. The United States Attorney will cause to be served upon the attorney for the defendant within twenty days after the service of a copy of the order to be entered hereon, with notice of the entry thereof, and at least thirty days prior to the trial, the following:

(1) As to counts 1 and 2, the demand designated as (b), in general categories or classifications, such as, but not necessarily limited to dividends, interest from various sources, rents, royalties, annuities, etc.

(2) As to count 3, the demand designated as (b), in general categories or classifications as hereinabove set forth, and also the demand designated as (g).

(3) As to counts 4 and 5, the demand designated as (f), in general categories or classifications, as hereinabove set forth, the demand designated as (g), in categories such as entertainment, contributions, traveling expenses, etc.; and the demand designated as (j).

In all other respects the motion is denied.

Settle order on notice.