UNITED STATES of America

v.

George KLEINMAN, Defendant.

Cr. No. 43999.

United States District Court
E. D. New York.

June 20, 1956.

**424**

Leonard P. Moore, U. S. Atty., Eastern District of N. Y., Brooklyn, N. Y., Marie L. McCann, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for U. S.

Morris K. Siegel, Brooklyn, N. Y., for defendant.

BRUCHHAUSEN, District Judge.

The defendant has moved to dismiss the indictment upon various grounds and, in the alternative, for a bill of particulars.

The first ground urged in support of the dismissal of the indictment is the alleged failure to state facts sufficient to constitute an offense against the United States and the alleged failure to set forth in the indictment the particular statute claimed to have been violated, as prescribed by Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S. C.A. The indictment pertains to income tax evasion through the filing of false and fraudulent returns, in violation of 26 U.S.C.A. 145(b), contained in the 1939 Internal Revenue Code, now known as 26 U.S.C.A. § 7201 in the 1954 Code. The decisions demonstrate that the indictment is legally sufficient. United States v. Tadio, 2 Cir., 223 F.2d 759, certiorari denied 350 U.S. 874, 76 S.Ct. 119; Gaunt v. United States, 1 Cir., 184 F.2d 284, certiorari denied 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662. At the end of

each count of the indictment, mention is made of the aforesaid statute, alleged to have been violated rather than in the body thereof. Since the omission of such citation or an erroneous citation cannot invalidate the indictment, Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.; See also Notes of Advisory Committee on Rules, 18 U.S.C.A., supra, the juxtaposition of the statute would not invalidate the indictment. The citation, in fact, is thereby emphasized.

■ Defendant further moves to dismiss count one of the indictment upon the ground that the indictment was filed more than six years after March 2, 1949, the date of the filing of the alleged false return. The indictment was not filed until June 2, 1955, three months beyond the six year limitation period, prescribed by 26 U.S.C.A. § 3748 of the 1939 Code, now 26 U.S.C.A. § 6531 of the 1954 Code. The 1954 Code was in effect on February 25, 1955, the date the complaint was made to the United States Commissioner, and warrant issued. By the terms of the said Act, the Statute of Limitations was extended to a date nine months after the date of making of the complaint. The superseded section of the 1939 Code provided for a different period of extension, i. e., the discharge of the grand jury at its next session, which would not have extended the statute until the date this indictment was filed. The question is whether the new Code extended the time prescribed in the former Code, under which defendant was indicted, and if so, whether such extension constituted an "ex post facto" law, prohibited by Article 1, Section 9, Clause 3 of the United States Constitution.

■ Title 26 U.S.C.A. § 7851, containing the provisions of the new Code linking the two Codes, indicates that Congress intended the new Code to take effect as soon as possible, and to take the place of the provisions in the former Code. Subsection (a) (6) (C) (iii) provides that only crimes committed after the enactment of the 1954 Code shall be subject to the periods of limitation set forth in the new Code, but it is clear that Congress did not thereby refer to time, for the time element in the old Code (former 26 U.S.C.A. § 3748) and that in the new Code, 26 U.S.C.A. § 6531, is exactly the same, i. e., three and six years. The difference between them is that several crimes were taken out of the general three year period of limitations and placed in the specific six year period.

This desire to have the new Code take immediate effect is demonstrated by another subdivision of this coordinating section, namely 26 U.S.C.A. § 7851(a) (7), wherein the following is set forth:

"If the effective date of any provision of the Internal Revenue Code of 1954 is not otherwise provided in this section or in any other section of this title, such provision shall take effect on the day after the date of enactment of this title. If the repeal of any provision of the Internal Revenue Code of 1939 is not otherwise provided by this section or by any other section of this title, such provision is hereby repealed effective on the day after the date of enactment of this title."

It does not seem likely that Congress, in a spirit of attempting to put the new Code into immediate effect, could have intended to withhold the effect of the new provision of nine months instead of the old provision concerning the grand jury discharge. This would mean that for possibly six years after the effect of the new Code, this old provision would apply. In otherwise acting under the new Code, a prosecuting attorney would have to be mindful, when filing a complaint with a Commissioner, of the discharge of the next grand jury, rather than the nine months grace period. The grace period is an administrative matter, the theory being that when complaint is made and warrant issued, the prospective defendant is then on notice that a criminal proceeding is being brought against him. This is unlike the theory of a statute of

limitations, which abhors the reviving of something that has been forgotten.

■ Congress was providing for a different grace period in prosecuting crimes, not extending the statute of limitations. Congress has control over procedural matters and can extend the statute, however, even in criminal matters, for until the time provided for in the original statute has actually expired, no rights have vested in the defendant. Chase Securities Corp. v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628; United States v. Obermeier, 2 Cir., 186 F.2d 243, certiorari denied 340 U.S. 951, 71 S.Ct. 569, 95 L.Ed. 685; Falter v. United States, 2 Cir., 23 F.2d 420.

Subsection (d) of said Section 7851, is as follows:

"All periods of limitation, whether applicable to civil causes and proceedings, or to the prosecution of offenses, or for the recovery of penalties or forfeitures, hereby repealed shall not be affected thereby, but all suits, proceedings, or prosecutions, whether civil or criminal, for causes arising, or acts done or committed, prior to said repeal, may be commenced and prosecuted within the same time as if this title had not been enacted."

By the use of the words "may be commenced" rather than "must be commenced", Congress indicated that it did not intend to destroy rights under the old Code by inserting provisions in the new Code, which might be more limited. See United States v. Obermeier, supra, wherein a statute of almost identical verbiage was construed.

■ The defendant also seeks a bill of particulars. He concedes that he is not entitled to evidence. The government is willing to furnish him with the theory of its case, which is the net worth theory, including the opening net worth which the government intends to use as a starting point, as well as the approximate net worth of defendant at the beginning and end of each tax period. Accordingly items l, m, and n are granted.

Apparently this is the only theory upon which the government will conduct its prosecution, and if that is so, the particulars offered are more than adequate. United States v. Chapman, 7 Cir., 168 F.2d 997, certiorari denied 335 U.S. 853, 69 S.Ct. 82, 93 L.Ed. 401; Remmer v. United States, 9 Cir., 205 F.2d 277, vacated on other grounds 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654; United States v. Dolan, D.C.Conn., 113 F.Supp. 757.

■ On the other hand, if the government intends to also proceed on the theory of fraudulent entries or fraudulent omissions in the returns for the years in question, then identification of the entries should be made, or a general itemization of the omissions should be given. United States v. Dolan, supra; United States v. Knohl, D.C.E.D.N.Y., 126 F.Supp. 830; United States v. King, D.C. N.D.N.Y., 16 F.R.D. 124; United States v. Carb, D.C.E.D.N.Y., 17 F.R.D. 242.

The motion is denied, excepting as hereinabove indicated.

Settle order on notice.