**UNITED STATES of America**
v.
**Alastair KYLE, Clinton Gardner**
and
**Toys of The World Club, Inc.,**
Defendants.
**Cr. No. 44581.**

United States District Court
E. D. New York.
April 12, 1957.

418

Victor J. Herwitz, New York City, for defendants, Alastair Kyle and Toys of the World Club, Inc.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Warren M. Deutsch, Asst. U. S. Atty., New York City, for the United States.

RAYFIEL, District Judge.

On August 3, 1956 a seven-count indictment was filed against the above-named defendants, charging them with conspiracy and using the mails to defraud, in violation of Sections 371 and 1341 of Title 18, United States Code.

Prior to the return of the indictment the defendant Kyle voluntarily delivered all of the corporate defendant's books, records, papers, etc., to the United States Attorney, whose representative had informed him that they were needed in connection with the proceeding then pending before the Grand Jury.

The defendants Kyle and Toys of the World, Inc. have moved under Rules 16 and 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C. for an order directing the United States Attorney (1) to produce and permit the inspection and copying of all books, papers, records, checks, cancelled vouchers, etc., belonging to them and now in his possession, (2) to return to them all such books, papers, records, etc., except those marked or deemed marked as exhibits in the proceedings before the Grand Jury, and (3) to give said defendants a detailed receipt of all such books, papers, records, etc., now in his possession.

■ Since Rule 16 provides for discovery and inspection, I assume that item (2) of the relief sought herein—the return of books, records, papers, etc.—is predicated on Rule 41(e). I find no sanction for such relief in that Rule, which authorizes applications for the return of property obtained by unlawful search and seizure and the suppression of the use thereof as evidence. Paragraph 3 of the affidavit of defendants' counsel states that the books and records in question were "voluntarily turned over" to the United States Attorney. Accordingly, item (2) is denied.

■ Rule 16 provides, as a condition for the granting of relief thereunder, that the defendant show "that the items sought may be material to the prepara-

tion of his defense and that the request is reasonable." I am satisfied that the defendant has met that requirement.

The United States Attorney claims that he has no books or records in his possession which are the property of the defendant Kyle. As to the records of the corporate defendant, he contends (1) that they were voluntarily delivered to him and (2) that they are material evidence in the prosecution of the indictment herein. Neither reason is adequate. The defendant's right to inspect the books and records does not depend on the manner of obtainment thereof by the United States Attorney. Rule 16, under which the application herein was made, provides a means for the inspection of books, papers, etc. *"obtained from or belonging to the defendant"*. (Emphasis added.) It is undoubtedly true, as the Government contends, that the records sought are material evidence in the prosecution of the case, but it is likewise true that they may be material to the preparation of the defense. The Government's implied contention that Kyle is not entitled to an inspection of the records because he has since resigned as an officer of the corporate defendant is entirely without merit. He is still a defendant.

The United States Attorney will deliver to defendants' counsel a certificate or receipt specifying the books, papers, documents, vouchers, records, etc. belonging to the corporate defendant which he has in his possession or control.

He will also make available at his office, to the defendants and their attorney, or the latter's designee, all of the corporate defendant's books, records, etc. for inspection and copying, at all times during the usual business hours of the day, but upon reasonable notice, with such privacy for inspection and copying as may be consistent with security.

If any of the books and records in question are not relevant to the prosecution herein they should be returned.

Settle order on notice.