**UNITED STATES of America**
v.
**William GELLER, Defendant.**

United States District Court
S. D. New York.
May 2, 1958.

Paul W. Williams, U. S. Atty., Earl J. McHugh, Asst. U. S. Atty., New York City, for the United States.

Bernard Katzen, New York City, for defendant.

CASHIN, District Judge.

Defendant is charged in a four count indictment with evasion of income taxes for the calendar years 1951 through 1954. The counts in the indictment make bare allegations for each of the years in issue that the defendant made a false and fraudulent joint income tax return on behalf of himself and his wife wherein the adjusted gross income or the net income was under-reported. The amount of the adjusted gross income or net income actually reported is set out, as well as the actual net income claimed by the government.

Defendant moves for a bill of particulars. The government has consented to Items 3(b), 4 and 5. Thus, the items in dispute are as follows:—

Demands for—

1. The items and particulars making up the net income alleged by the government;

2. A complete schedule of each item of income claimed, particularizing the date, amount, manner of payment and the entity making each payment;

3. [Item 3(a)]. Particulars as to additions to or subtractions from the gross income reported;

4. [Item 6]. A statement whether the Government bases its claim on the net worth-expenditure theory and, if so, the net worth of the defendant and his wife at the beginning and end of each year in issue, and the items claimed to constitute the net worth at the beginning of each year, together with all additions or subtractions therefrom claimed to have occurred during said year, as well as each expenditure made by the defendant during the year, with the date, amount, payee and manner of payment.

Although the extent to which bills of particulars in income tax cases should be granted has not been the subject of any holding of the Court of Appeals in this Circuit, that Court has grasped the opportunity to point out that motions for bills of particulars should be viewed with liberality. United States v. O'Connor, 2 Cir., 1956, 237 F.2d 466, 475–476. Viewing such motions with liberality, however, does not mean that the Government should be forced to disclose, before trial, the precise evidence upon which it intends to rely or to supply a list of prospective witnesses. The extent to which a defendant is entitled to a bill of particulars is, perhaps, best stated and analyzed in United States v. Dolan, D.C.Conn.1953, 113 F.Supp. 757. See also United States v. Cincotta, D.C. N.D.N.Y.1956, 19 F.R.D. 5; United States v. Kleinman, D.C.E.D.N.Y.1956, 19 F.R.D. 423; and United States v. Carb, D.C.E.D.N.Y.1954, 17 F.R.D. 242.

From the affidavit submitted by the government in opposition to the motion it would appear that it intends to proceed on the fraudulent entries or fraudulent omissions theory. If this is true, then the government must furnish a bill of particulars setting forth any basic entries on the returns which it contends to be fraudulent, and with regard to any omissions it contends have been made, the general nature of the sources of the income which it is claimed has not been reported. (Items 1, 2 and 3(a)). If the net worth-expenditure theory is to be utilized, then the bill must set forth the approximate opening and closing net worths for each year covered in the indictment, as well as the date, the payee, the amount and manner of payment of the expenditures claimed. (Item 6). United States v. Hoornbeek, D.C.S.D.N.Y.1954, 164 F.Supp. 657.

Defendant also moves under Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Insofar as this motion seeks statements of defendant,

it is denied on the authority of United States v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394. Insofar as it seeks documents obtained from defendant, it is denied on the basis of the affidavit of the Assistant United States Attorney in charge of the case that "Neither the United States Attorney's office nor, on information and belief, the Internal Revenue Service, have any papers or other documents in their possession 'obtained or received from' the defendant * * *". Since the Government has no objection to inspection by the defendant of the income tax returns involved, said returns should be made available.

Settle order.