**UNITED STATES of America**

v.

**Carl H. BROWN, Defendant.**

Cr. No. 46003.

United States District Court
E. D. New York.

Dec. 23, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., Alfred Sawan, Brooklyn, N. Y., of counsel for plaintiff.

Richard Steel, New York City, for defendant.

ZAVATT, District Judge.

■ The defendant moves "under Rule 16 of the Federal Rules of Criminal Procedure" for an order "pursuant to the provisions of Rule 7(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., requiring the United States of America to serve and file a bill of particulars as to the following matters: * * *." The defendant has failed to observe that Rule 16 relates to "Discovery and Inspection" and not to "Bills of Particulars." The Court, however, will treat this motion as having been made under Rule 7(f). Counsel for the defendant should have noticed (had he read Rule 7) that Rule 7(d) relates only to a motion to strike surplusage from an indictment or information.

■ Rule 7(f) authorizes a motion for a bill of particulars to be made "only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order." The defendant alleges that he was arraigned on October 6, 1959. This motion was not made until October 26, 1959, the return day of the motion. Nevertheless, the court will consider the motion on the merits.

■ The defendant refers to a four count indictment charging him with evasion of a large part of federal income taxes for the calendar years 1953, 1954, 1955 and 1956. By this motion he seeks an order requiring the Government (1) to furnish him with a true and correct copy of the federal income tax returns for each of these years. He does not show that the copies of said returns which he does have in his possession or under his control are not true copies. He merely expresses lack of certainty that they are true copies. It is not the function of a bill of particulars to require the Government to detail its evidence or to produce evidence. United States v. Stromberg, D.C.S.D.N.Y.1957, 22 F.R.D. 513; United States v. O'Neill, D.C.E.D.N.Y. 1957, 20 F.R.D. 180; United States v. Klein, D.C.S.D.N.Y.1954, 124 F.Supp. 476; United States v. Hall, D.C.D.Conn. 1943, 52 F.Supp. 796. The motion is denied as to item 1.

■ Under item 2, the defendant seeks "an exact statement as to how the net income set forth in the indictment is computed and the sources and amounts of income which the Government will claim were unreported and deductions, if any, which the Government will contend were fraudulently claimed on the respective income tax returns." Upon the argument of this motion, the Government stated that it was not claiming that any deductions were fraudulently claimed by the defendant in any of his said returns. The Government is hereby ordered to so state in a bill of particulars. The defendant is not entitled to "an exact statement as to how the net income set forth in the indictment is computed." United States v. Dolan, D.C.D.Conn.1953, 113 F.Supp. 757. To that extent the motion is denied as to item 2. As to the demand for "the sources and amounts of income which the Government will claim were unreported," the Government is ordered to state whether it will rely only on specific entries or identified omissions on the return. If it states that it will so rely it shall then set forth any basic entries on the returns which it contends to be fraudulent and, with respect to any omissions it contends have been made, the general nature of the sources of the income which it will claim has not been reported. United States v. Dolan, supra; United States v. Geller, D.C.S.D.N.Y. 1958, 163 F.Supp. 502; United States v. O'Neill, supra. The motion as to item 2 is granted to the extent hereinabove specified.

 In view of the statement, made by the Government on the argument of this motion, that it does not claim a fraudulent reporting of deductible expenditures, the Government will so state in answer to item 3.

 In item 4 the defendant seeks particulars as to whether the Government will rely upon the net worth increase-expenditure theory. To that extent the motion is granted as to item 4. If this theory is to be utilized, the Government shall set forth the approximate opening and closing net worths for each year covered in the indictment. The Government is not required to "set forth in detail the breakdown of the net worth computations for each of the taxable years" as demanded by the defendant but it shall state the date, the payee, the amount and the manner of payment of the expenditures which it will claim the defendant made during each year as to which it will utilize the net worth expenditure theory. United States v. Geller, supra; United States v. O'Neill, supra.

The defendant also moves, pursuant to Rule 16, Federal Rules of Criminal Procedure, for an order to permit him to inspect, copy or photograph certain documents, some of which are designated and some of which are not designated.

 Rule 16 requires that the documents be "designated." "The history of Rule 16 indicates that it was intended to provide for only a limited discovery. This [does] not include opening up of the Government's files for inspection by all persons charged with crimes." United States v. Haug, D.C.N.D.Ohio 1957, 21 F.R.D. 22, 26. See generally Notes, 67 Harv.L.Rev. 492 (1954), 60 Yale L.J. 626 (1951). In order to prevail on a motion under Rule 16, the movant must designate the books, papers or other tangible objects of which he seeks discovery and inspection. United States v. Giglio, D.C.S.D.N.Y.1954, 16 F.R.D. 268, 271. The defendant seeks in part an order of discovery and inspection of undesignated papers described in items 5, 6 and 7 of the moving papers as follows:

5. Various documents, receipts, invoices, memoranda and cancelled vouchers of Dierk's Heating Co. of 43–32 33rd Street, Long Island City.

6. Various documents, receipts, invoices, memoranda and cancelled vouchers from other customers of Standard Contracting Co.

7. All reports, documents and work sheets obtained from Max Proner, C. P. A., who prepared the returns in question

The defendant seeks an order of discovery and inspection of papers described as follows under items 1, 2, 3 and 7 of the moving papers:

1. Copies of all individual income tax returns filed by Carl H. Brown for the years 1953, 1954, 1955 and 1956.

2. Copies of all partnership returns filed by Standard Contracting Company for the years 1953, 1954, 1955 and 1956.

3. Copies of the above mentioned income tax returns which were unsigned.

7. All reports, documents and work sheets obtained from Max Proner, C. P. A., who prepared the returns in question.

The defendant's moving affidavit does not show that these documents belonged to him. Rather, that affidavit implies that these papers were the property of his accountant and consisted of his accountant's copies of returns that were prepared for the defendant. Further, the defendant has failed to show that these papers were obtained from his accountant "by seizure or process." See United States v. Palermo, D.C.S.D.N.Y.1957, 21 F.R.D. 11, 13; United States v. Kyle, D.C.E.D.N.Y.1957, 20 F.R.D. 417; United States v. Bennethum, D.C.D.Del.1957, 21 F.R.D. 227; United States v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394.

On the argument of the motion, the defendant withdrew his demand for discovery and inspection of the papers described in the moving papers as item 4.

The defendant's motion for discovery and inspection is denied in all respects.

Settle an order as to both motions in accordance with this opinion on or before January 8, 1960.