**UNITED STATES of America, Plaintiff,**

v.

**Albert ROSENFELD, Defendant.**

**No. 66 CR 697.**

United States District Court
N. D. Illinois, E. D.

Feb. 2, 1967.

Edward Hanrahan, U. S. Atty., Gerald Werksman, Asst. U. S. Atty., Chicago, Ill., for the United States.

Bernard Sokol, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Defendant's Motions for Bill of Particulars and for Production of Statement

Defendant is charged, in two counts, with filing fraudulent income tax returns for the years 1960 and 1961. In his motions he asks this Court to direct the government to furnish him with a Bill of Particulars, and a copy of a statement which he allegedly made to the Internal Revenue Service.

### I. *Motion for Bill of Particulars*

 As the government points out, a bill of particulars is directed to the sound discretion of the Court. Wong Tai v. United States, 273 U.S. 77, 47 S. Ct. 300, 71 L.Ed. 545 (1926); United States v. Ansani, 240 F.2d 216 (7th Cir. 1957). It should be granted only if the indictment fails to acquaint the defendant with the charge against him, so as to enable him to prepare his defense, and so as to protect him against another prosecution for the same offense. Wong Tai v. United States, supra; United States v. Rosenberg, 10 F.R.D. 521 (S.D.N.Y.1950). However, as this Court and other courts have repeatedly held, a bill of particulars is not something to which the defendant is entitled as a matter of right. United States v. Lupino, 171 F. Supp. 648 (D.Minn.1958), and it is not a device by which a defendant may compel the government to disclose its evidence in advance of trial. United States v. Lebron, 222 F.2d 531 (2d Cir. 1955).

 Some courts have recognized, nevertheless, that the preparation of a defense to a tax fraud case is very difficult, more so than the preparation for trial of most other criminal offenses. United States v. Dolan, 113 F.Supp. 757 (D.Conn.1953); United States v. Geller, 163 F.Supp. 502 (S.D.N.Y.1958); United States v. Philippe, 173 F.Supp. 582 (S.D.N.Y.1959). The recent amendment to Rule 7(f) of the Federal Rules of Criminal Procedure, which eliminated the necessity of showing cause for the grant of a bill of particulars, was "designed to encourage a more liberal attitude by the courts toward bills of particulars, without taking away the discretion which courts must have in dealing with such motions in individual cases." See Advisory Committee's Note to 1966 Amendment to Rule 7(f), Federal Rules of Criminal Procedure.

 Recognizing the difficulty of defending tax cases without the advantage of adequate particularized information regarding the offense, Chief Judge Hincks, in United States v. Dolan, 113 F. Supp. 757 (D.Conn.1953), laid down some guidelines for the disposition of motions for bills of particulars in tax fraud cases. In essence, he directed the government in a "net worth" case such as this one, to identify every "basic entry" on a return which is charged to be false and to identify any omissions from the tax return of information the defendant was legally bound to report, and the sources of such alleged unreported income. A "basic entry" was defined as "an underlying entry as distinguished from one which is merely a computation from other entries actually stated on the return." (113 F.Supp. at 759.) Furthermore, if the government is unable to fully state the sources of claimed unreported income:

" * * * it will, of course, be a sufficient compliance if it shall state that it proposes to prove the receipt of unreported income by expenditures made during the taxable period and proof as to the defendant's net worth on a specified date or dates which, it is claimed, will demonstrate a fraudulent omission." (113 F.Supp. at 759)

The Court, however, refused to require the government to state the amount in dollars of any claimed understatement or overstatement.

That procedure has apparently been approved in later cases such as United States v. Geller, 163 F.Supp. 502 (S.D. N.Y.1958); and United States v. Philippe, 173 F.Supp. 582 (S.D.N.Y.1959).

And we think it states wise policy. Particularly is this true today when the criminal discovery rules are being broadened steadily to afford the defendant the opportunity to more adequately prepare his defense. The relaxation of Rule 7 (f), while relevant herein, is only one manifestation of this development. The time is rapidly approaching when "surprise" will be eliminated from the criminal trial, and the "sporting theory of justice" will be a relic of the past for criminal defendants as it is already for civil litigants. See e. g. Brennan, The Criminal Prosecution: Sporting Event or Quest for Truth, 1963 Wash.U.L.Q. 279; Everett, Discovery in Criminal Cases—In Search of a Standard, 1964 Duke L.J. 477.

■ Accordingly, we grant defendant's motion in part. Item (1), which seeks the specific entries alleged to be false on the defendant's return should be answered insofar as it refers to so-called "basic entries" as defined in United States v. Dolan, supra.

Item (2) seeks the specific amount of such entries, and under the *Dolan* guidelines is denied.

Item (3) has been answered.

Item (4) again seeks amounts and need not be answered.

Items (5) and (6) are inapplicable.

Item (7) asks whether the government expects to prove that the gross income of defendant was understated, and should, therefore, be answered.

Those parts of Item (8) requesting the nature and sources of the alleged unreported income should be answered, but the amounts need not be divulged.

Item (9), which asks if proof of any false deductions will be offered, and that part of Item (10) requesting a list of those deductions must be answered. That part of Item (10) requesting amounts should be disregarded.

Item (11), which seeks to have the government itemize the figures shown in the indictment need not be answered, but Item (12), which asks if the government will offer proof of any income in excess of the amounts stated in the indictment, comes within the *Dolan* guidelines and must be answered.

Item (13), requesting the nature, sources, and dates of receipts indicated in Item (12) should be furnished, but requests for amounts and specific names are denied.

Items (14), (15) and (16), requesting information regarding other acts not alleged in the indictment which the government intends to use to prove willfulness, need not be answered.

Hence, the government must respond to Items (1), (7), (8), (9), (10), (12), and (13), except for the parts which we indicated need not be answered.

## II. *Motion to Produce Defendant's Alleged Statement*

■ Defendant alleges that he furnished an unsigned statement to the Internal Revenue Service in Chicago, at the inception of this investigation, and moves that the government furnish a copy of it to him.

Amended Rule 16(a) (1) of the Federal Rules of Criminal Procedure provides:

"Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government * * * "

The statement described by defendant seems to be encompassed within the language of the Rule. The government can have no valid objection to producing it in view of the salutary purpose intended to be served by the recent amendment. The Advisory Committee's Note describes the new rule as "in line with what the Supreme Court * * * described as the 'better practice'", in Ci-

cenia v. La Gay, 357 U.S. 504, 511, 78 S. Ct. 1297, 2 L.Ed.2d 1523 (1958).

The government is directed to produce any statements signed or unsigned of defendant within its possession.