**UNITED STATES of America,**
**Plaintiff,**

v.

**Louis GOLDSTEIN and Selma Goldstein,**
**Defendants.**

**Crim. A. No. 2222.**

United States District Court,
D. Delaware.
Aug. 25, 1972.

Norman Levine, U. S. Atty., and Bruce L. Thall, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

E. N. Carpenter, II, of Richards, Layton & Finger, Wilmington, Del., for defendants.

## OPINION AND ORDER

LATCHUM, District Judge.

This criminal action is before the Court on the defendants' motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.[1]

The defendants, Louis and Selma Goldstein, are charged with willfully and knowingly making and subscribing joint

---

1. Rule 7(f), F.R.Crim.P. provides: "The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires."

federal income tax returns, under the penalties of perjury, which were false as to material matters, for the calendar years 1964 (Count I) and 1966 (Count III) in violation of 26 U.S.C. § 7206(1). Defendant, Louis Goldstein, is also charged with willfully failing to file a federal income tax return for calendar year 1965 (Count II) in violation of 26 U.S.C. § 7203.

The information sought under the present motion may be roughly divided into five categories. The Court is requested to issue an order directing a bill of particulars wherein the Government [2] will be compelled to: (1) State the theory upon which the Government intends to proceed; (2) Define the term "gross receipts" as used in Counts I and III of the indictment; (3) List the specific items of income and their source which the Government alleged should have been reported but were willfully not reported; (4) List specific items of income and their source already reported which the Government alleged were willfully understated; and (5) State whether the Government will offer proof at trial of unreported and understated income relating to years other than 1964, 1965

and 1966, and, if so, list the same particulars as sought above.

■ The 1966 amendment to Rule 7(f), F.R.Crim.P. which eliminated the requirement of a showing of cause, represented a liberalizing of the previously restricted view toward granting a demand for a bill of particulars.[3] The view of all authorities had been that particulars would be granted to apprise a defendant in greater detail of the charges against him so as to enable him to formulate a defense to the charges and to avoid surprise at the trial. More liberal views also allowed a bill of particulars to avoid needless work in preparing a defense.[4] While in the past the Government's evidence could not be obtained under a bill of particulars, there is a growing trend toward allowing disclosure of some evidentiary material if it is *necessary* to the preparation of the defense and the avoidance of surprise at trial.[5] However, while the amendment encourages a *more liberal* attitude toward granting a motion for a bill of particulars in some instances, the granting of the motion remains wholly discretionary with the trial judge [6] and

2. The Government generally resists the motion on the grounds that the information sought consists of "evidentiary" details requiring it to spell out its whole case prior to trial or run the risk of unduly limiting its presentation of evidence at trial.

3. The Advisory Committee which recommended the 1966 amendment stated:
"The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the court toward bill of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases. For an illustration of wise use of this discretion see the opinion by Justice Whittaker written when he was a district judge in United States v. Smith, 16 F.R.D. 372 (W.D.Mo.1954)."
8 J. Moore, Federal Practice ¶ 7.01 [3] (2d Ed. 1972).

4. United States v. Dolan, 113 F.Supp. 757, 759 (D.Conn.1953). Although the lan-

guage in *Dolan* amounts to dicta, the propositions suggested therein have been cited in almost every subsequent case involving a bill of particulars.

5. In United States v. Smith, Note 1, *supra*, 16 F.R.D. at 374–375, Judge Whittaker stated:
"Its [Rule 7's] proper office 'is to furnish to the defendant *further information* respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial', and when necessary for those purposes, is to be granted even though it requires 'the furnishing of information which in other circumstances would not be required because evidentiary in nature', and an accused is entitled to this 'as of right'."

6. See Note 1 *supra*. *See also* United States v. Conway, 415 F.2d 158 (C.A.3, 1969), cert. denied 397 U.S. 994, 90 S.Ct. 1131, 25 L.Ed.2d 401 (1970), overruled on other grounds United States v. Zeiler,

is not usually granted for the purpose of disclosing the minutiae of evidence just because it might be helpful to the defense.[7]

Within the context of these developments in the law, we turn to consider the five categories of items sought by defendants' bill of particulars.

1. *The defendants demand that the Government state the theory on which it intends to proceed.*

■ In a criminal income tax case, the amount of reportable income omitted may be proved by the Government by several different methods.[8] Any given method entails proof of certain operative facts, and it is then incumbent upon the defendant to refute the Government's evidence by introducing competent evidence of his own. If the defendant is not aware of the particular method the Government will use, of necessity he must prepare a defense appropriate to each method of proof. Because factual questions in criminal tax cases are generally complex, considerable time and expense must be employed in preparing even one defense. Thus, requiring a defendant to develop alternative defenses to the three alternative theories that the

Government might proceed upon would result in the expenditure of a great deal of unnecessary labor, and even possibly impair an adequate preparation of a defense which a defendant will, in fact, need to raise at trial. On the other hand, the Government's case will not be unduly prejudiced by disclosing the particular theory which it intends to use at trial to prove omitted income. Weighing these competing interests, justice requires that the Government reveal the method of proof it intends to use in this case.[9] United States v. Dolan, 113 F. Supp. 757 (D.Conn.1953).

2. *The defendant demands that the Government define the term "gross receipts" as used in the indictment.*

■ Counts I and III of the indictment charge the defendants with the understatement of "gross receipts" on their returns for 1964 and 1966, respectively. Since that term is neither defined in the indictment nor found in the Internal Revenue Code, the Government will be required to inform the defendants of the meaning of "gross receipts" as used in the indictment so that they may be properly apprised of the charges against them.

427 F.2d 1305 (C.A.3, 1970), wherein the court stated:
"[T]he Committee [the Advisory Committee on Rules], as well as the federal courts, have made it clear that amended Rule 7(f) leaves undisturbed the discretionary nature of the granting of a bill of particulars."
*Id.* at 161.

7. *See* United States v. Manetti, 323 F. Supp. 683, 695 (D.Del.1971); United States v. Wolfson, 294 F.Supp. 267, 276 (D.Del.1968).

8. The Government may proceed on any one of three theories to prove omitted income. First is the "net worth theory" which holds that if a taxpayer's net worth has increased during a given period in an amount greater than his reported income for that period, there must be a discrepancy in his income tax return and payment. United States v. Caserta, 199 F.2d

905, 906 (C.A.3, 1952). Second is the "expenditure theory" which holds that if, during a given period, the taxpayer's expenditures have exceeded the amount he has reported as income and his net worth at the end of the period is at least the same as it was at the beginning, then it may be concluded that his income tax return shows less income than he has in fact received. *Caserta, supra* at 907. Third is the "specific items theory" in which the Government shows that the taxpayer received reportable income which appears nowhere on his return or appears in a smaller amount than actually received.

9. The Government admitted in its Memorandum Opposition to the defendants' Motion for a Bill of Particulars that it would use the specifications of unreported income method. However, to make this binding on the Government, it will be directed to state so in the bill of particulars.

**56**

3. *The defendants demand that the Government list specific items of income and their source which it intends to prove were willfully unreported.*

■ The defendants, Louis and Selma Goldstein, are charged with willfully subscribing to a false tax return which materially understated their income by $18,981.89 in 1964 and by $7,639.94 in 1966. The defendant, Louis Goldstein, is also charged with willfully failing to file a return in 1965 on income of $25,954.04. The bare amount of these sums allegedly understated or unreported involve a number of separate underlying items. In order to properly acquaint the defendants with the charges against them and enable them to prepare a defense, the Government will be required to supply them with the date, amount, character [10] and source [11] of unreportable income which was allegedly received by the defendants in the years 1964, 1965 and 1966 but was unreported. United States v. Anderson, 254 F.Supp. 177 (W.D.Ark.1966).

4. *The defendants demand the Government list specific items of income and their source which it intends to prove were willfully understated.*

■ For the same reasons as above, the Government will be required to supply the defendants with the date, amount, character and source of reportable income understated in the tax returns for the years 1964, 1965 and 1966.

5. *The defendants demand to know whether the Government will offer proof at trial of unreported or understated income relating to years other than 1964, 1965 and 1966, and if so, the specific items and* their source that it intends to prove.

■ Any proof by the Government of the understatement or omission of reportable income in other years might possibly show a predisposition to commit the offenses charged in the indictment, making it incumbent upon the defendants to refute such facts, if possible, by competent evidence of their own. Hence, to adequately prepare their defense and avoid surprise at trial, the defendants must be informed whether the Government will rely on understatements or omissions of reportable income for other years, and if so, be told the date, amount, character and source of the reportable but omitted or understated items of income which the Government intends to prove at trial for other years.

10. "Character" means the Government must indicate whether each item is from pensions, rents, royalties, legal fees, dividends, interest, capital gains, farm income, etc.

11. E. g. if dividends, the corporation issuing the dividend, if legal fee the client paying the fee, if rental income the property which produced it, etc.