**UNITED STATES of America, Appellant,**

v.

**OLIVA, Robert R.**

**No. 79–1379.**

United States Court of Appeals, Third Circuit.

Argued Sept. 7, 1979.

Decided Oct. 15, 1979.

As Amended Oct. 23, 1979.

---

Robert J. Cindrich, U. S. Atty., Alexander H. Lindsay, Jr., Asst. U. S. Atty., Frederick W. Thieman, Asst. U. S. Atty. (argued), Pittsburgh, Pa., for appellant.

James K. O'Malley (argued), Livingston, Miller, O'Malley & Clark, P. C., Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and GIBBONS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The United States appeals pursuant to 18 U.S.C. § 3731 (1976) from an order granting the motion of defendant Robert R. Oliva to suppress his grand jury testimony. That testimony is the subject of an indictment for giving false testimony while under oath before the grand jury, and the order suppressing it for all practical purposes disposes of the charge. We reverse.

A subpoena was served on Mr. Oliva requiring his appearance before a federal grand jury. He appeared without counsel and although he was notified of the right to counsel, he testified on November 9, 1976. Later he was indicted for giving false testimony during that appearance. At no time prior to his indictment did he resist compliance with the subpoena or contest its validity. Thus there never was any occasion for any application by the United States for judicial enforcement pursuant to 28 U.S.C. § 1826(a) (1976). After the indictment he moved to suppress his grand jury testimony. That motion was granted on the ground that prior to defendant's testimony the Government had not produced an affidavit setting forth that the information was within the grand jury's jurisdiction, was relevant to the investigation, and was not sought primarily for another purpose. The court required such an affidavit in addition to the subpoena in reliance on *In re Grand Jury Proceedings*, 486 F.2d 85, 93 (3d Cir. 1973) (*Schofield I*) and *In re Grand Jury Proceedings*, 507 F.2d 963, 965 (3d Cir. 1975) (*Schofield II*). That reliance, in the context of the suppression motion, was misplaced.

In *Schofield I* a prospective grand jury witness declined to comply voluntarily with a grand jury subpoena. The United States then resorted to the only available enforcement mechanism, an application for enforcement under 28 U.S.C. § 1826(a). We held that when a district court was called upon, in a civil action under section 1826(a), to issue coercive process it should require the United States to make a minimum showing by affidavit that the information

sought was relevant to an investigation properly within the grand jury's investigation, and was not sought primarily for another purpose. The *Schofield I* case did not deal with procedural safeguards surrounding the issuance of grand jury subpoenas, but with the procedures appropriate to enforcement proceedings. We observed that there were defenses to enforcement, that the information relevant to such defenses would ordinarily be in the hands of the Government, but that unlimited discovery would conflict with the grand jury secrecy provisions of Rule 6(a) of the Federal Rules of Criminal Procedure. Balancing the competing considerations of available defenses to enforcement and of grand jury secrecy, we held "that the party seeking enforcement of a grand jury subpoena [is] required to make some minimum showing of the existence of a proper purpose before it can trigger the enforcement machinery of the judicial branch." 486 F.2d at 92.

In *Schofield II* the same witness challenged the sufficiency of the affidavit upon which, on remand following *Schofield I*, the Government relied in pursuing its section 1826(a) remedy. In the course of that opinion Judge Hunter wrote:

> Despite the fact that the burden is generally on the witness to show abuse of the grand jury process, *Schofield I* requires the government to present affidavits *in every case* irrespective of whether the witness has challenged the propriety of the subpoena. This broad rule is designed to prevent abuse of the grand jury process by requiring a minimum disclosure of the grand jury's purpose *in every case.*

507 F.2d at 965. (emphasis added).

Focusing on the words "in every case" the district court here concluded that *Schofield II* laid down a rule that a *Schofield I* affidavit was required with respect to every grand jury subpoena. Clearly that was not intended. The reference to "every case," in context, is a reference to every case of an application for enforcement under section 1826(a). The language "whether the witness has challenged the propriety of the subpoena" means only that the witness does not have to move to quash, or to take any step other than non-compliance. No other reading of *Schofield II* is consistent with our analysis of the enforcement issue in *Schofield I*. In that case we noted that grand jury subpoenas were analogous to executive branch administrative subpoenas, which under governing case law were not self-enforcing. They could be resisted by a witness, for any reason satisfactory to the witness, until sanctioned by the coercive authority of a court order. Thus we held that if a witness chose to resist testifying and the Government brought a civil action for enforcement it must make a minimum showing by affidavit. The enforcement proceeding, not the issuance of the subpoena, is the triggering event for the affidavit requirement. It was in the context of a civil action for enforcement that Judge Hunter made reference to every case—every enforcement case, obviously. *See In re Grand Jury Proceedings*, 579 F.2d 836, 838 (3d Cir. 1978).

We are informed that it is the practice of United States Attorneys in this Circuit to furnish a *Schofield* affidavit to any witness who insists upon one prior to testifying. We hold that no more is required by either *Schofield* opinion. *See* Fed.R.Crim.P. 17(a).

In this case Mr. Oliva did not resist testifying, and no occasion ever arose for the tender by the Government of a *Schofield* affidavit. Since the ground relied upon for suppression of his grand jury testimony was improper the suppression order must be reversed.