**In re GRAND JURY PROCEEDINGS.**

No. G.J. 80–264–2.

United States District Court,
E. D. Pennsylvania.

March 31, 1981.

Daniel B. Huyett, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Stephen R. LaCheen, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

BECHTLE, District Judge.

By Order of March 23, 1981, the Court denied a motion to quash three subpoenas commanding the recipients to appear before a grand jury to testify, provide photographs and handwriting exemplars and to bring records pertaining to a corporation of which one of the witnesses is custodian of records. The subpoenas themselves do not state which criminal statute is involved in the grand jury's investigation; however, a one-page form notice, entitled "ADVICE OF RIGHTS," accompanied the subpoenas and stated that the grand jury was investigating possible violations of 18 U.S.C. § 1341, the federal mail fraud statute. Two days after the motion to quash was filed, the Assistant United States Attorney supervising the investigation filed an answer to the motion. Included was an affidavit designed to comply with the requirements of *In re Grand Jury Proceedings (Schofield I)*, 486 F.2d 85 (3d Cir. 1973). Also attached as an exhibit was a letter from the supervising attorney to the movants' counsel advising him that one of the movants is a target of the investigation and the other is not.[1]

In the *Schofield* affidavit, the supervising attorney affirmed that he was "supervising a grand jury investigation in the Eastern District of Pennsylvania concerning alleged violations of Title 18, United States Code, Section 1341, relating to mail fraud involving a corporation called Discount Panel and Tile Company." He also affirmed that "[t]he information ... sought ... is (1) relevant to the grand jury's investigation; (2) properly within the grand jury's jurisdiction; and (3) not sought primarily for another purpose."

---

1. The three subpoenas are directed to two individuals, husband and wife. Two of the subpoenas are directed to the husband—one in his individual capacity and one in his capacity as custodian of the records of the corporation involved in the investigation.

■ The movants' principal contention is that the subpoenas are fatally defective in failing to state the *nature* of the possible crimes being investigated. The Court disagrees. The Court is not aware of, nor have movants pointed to, any statutory or case law requirement that a subpoena state the nature of a grand jury's investigation. Likewise, there is no requirement that the *subpoena* assure that the alleged violations under investigation occurred within the district.

■ In advancing these arguments, movants would essentially have us require that grand jury *subpoenas* contain the same information that *Schofield I* required the Government to provide by affidavit if it brings an action to enforce a subpoena. *See In re Grand Jury Proceedings (Schofield II)*, 507 F.2d 963, 964–966 (3d Cir.), *cert. denied sub nom. Schofield v. United States*, 421 U.S. 1015, 95 S.Ct. 2424, 44 L.Ed.2d 685 (1975); *In re Grand Jury Proceedings (Schofield I), supra*, at 93–94. The Third Circuit has already held, however, that the Government is not required to provide a *Schofield* affidavit in every case; rather, the Government need only provide such an affidavit when the subpoena is challenged in an enforcement proceeding. *United States v. Oliva*, 611 F.2d 23, 25 (1979).[2] It follows that *Schofield* does not require that the subpoena itself contain the information provided in a *Schofield* affidavit.

In their motion, the movants have also demanded that a *Schofield* affidavit be produced and have asked the Court to quash the subpoenas if such an affidavit is not produced. As stated above, however, such an affidavit has been produced. Since the affidavit contains no more information regarding the nature of the grand jury's investigation than the subpoenas themselves (when read in conjunction with the "ADVICE OF RIGHTS"), the Court has examined the affidavit to determine whether, in the face of the movants' challenges to the

similar information contained in the subpoena it is sufficient under *Schofield I & II.*

In *Schofield I*, an appeal in an action brought to enforce a grand jury subpoena, the witness argued that the Government should be required to state the purpose and necessity for requesting the subpoenaed handwriting exemplars, fingerprints and photographs before the witness can be ordered to comply. The Government contended that the court "should not make, or permit the witness to make, any inquiries, or require the Government to make any showing" beyond the facts of the subpoena's issuance and the witness' refusal to comply. *In re Grand Jury Proceedings (Schofield I), supra*, at 88–89. Concerned with the possibility that limiting judicial review so severely would permit the Government to use grand jury subpoenas improperly and realizing that the facts regarding the true purpose of the subpoena are known only by the Government, the *Schofield I* court required the Government, when seeking enforcement of a grand jury subpoena, to make "some preliminary showing by affidavit that each item is at least relevant to an investigation being conducted by the grand jury and properly within its jurisdiction, and is not sought primarily for another purpose." *Id.* at 93.

In *Schofield II*, the court upheld the affidavit produced by the Government in response to *Schofield I* and noted some of the boundaries of its earlier holding. First, the court stated that whether an affidavit is sufficient is a determination "committed to the sound discretion of the district court." *In re Grand Jury Proceedings (Schofield II), supra*, at 965. The court then stated that *Schofield I* was not intended to be a departure from the long line of cases according broad investigative powers to the grand jury. *Id.* at 965–966. Furthermore, the court stated that "[o]ur holding in *Schofield I* did not require a showing of reasonableness, it did not require any determination of probable cause and it clearly did not require a hearing in every case." *Id.*

---

**2.** Since the Government has produced a *Schofield* affidavit in response to the instant motion to quash, the Court need not address the question whether the Government *must* produce such an affidavit when the challenge to the subpoena takes the form of a motion to quash.

In the affidavit approved in *Schofield II,* the only information about the nature of the possible criminal violations being investigated were the provisions of federal law involved and the indirect suggestion contained in the statement that the fingerprints, photographs and handwriting exemplars sought were to be used " 'solely as a standard of comparison to determine whether or not the witness uttered and forged, falsely made, altered or counterfeited [a] check.' " *Id.* at 967. The affidavit did not explicitly negate the absence of any improper motive behind the subpoena, but the court did not hold the district court's acceptance of the affidavit with that defect to have been an abuse of discretion.

There is another noteworthy aspect of *Schofield I* and *Schofield II.* While the court in *Schofield I* does state that, "unless extraordinary circumstances appear, the Government's supporting affidavit should be disclosed to the witness in the enforcement proceeding," the court also refused to "rule out the possibility that the Government's affidavit may be presented to the court *in camera.*" *Schofield I,* at 93. This clearly suggests that the purpose of the *Schofield* affidavit is extremely narrow: to assure *the district court* that enforcement of the subpoena is sought as part of a legitimate grand jury investigation. The affidavit *is not intended to serve as notice to the witness* of the range of questions to be expected or the Government's developing factual theories of the case. To impose such requirements could jeopardize the grand jury's ability to uncover the traces of wrongdoing necessary to support an indictment by tipping the Government's hand and revealing the strengths and weaknesses of the case. With that information, witnesses seeking to scuttle a grand jury investigation could prepare their testimony accordingly.

The statement in *Schofield I* that the affidavit should be disclosed to the witness "unless extraordinary circumstances appear" does not compel a different conclusion. The statement merely reflects a policy of assuring not only justice, but the appearance of justice, by satisfying the witness whenever possible that the Government has made the minimal showing that the objectives of the grand jury investigation are proper.

The Court now turns to consider the sufficiency of the affidavit submitted by the Government. First, the affidavit states that the grand jury is investigating possible violations of the federal mail fraud statute, 18 U.S.C. § 1341. Considering the broad range of fraudulent schemes which may legitimately be reached by the mail fraud statute, it is more than likely that handwriting exemplars and photographs would be helpful to the grand jury's investigation. The corporate records sought are those of a company which the Government believes to be involved in the possible mail fraud violations. The Court cannot say that subpoenas seeking such tangible evidence in regard to a mail fraud investigation carry any traces of impropriety or are overreaching. Furthermore, the Government here has "specifically negated" the existence of any improper purpose behind the subpoenas. *See In re Grand Jury Proceedings (Schofield II), supra,* at 968 (Adams, J., concurring). The movants, on the other hand, have not pointed to any specific impropriety which may exist regarding the grand jury's investigation, its jurisdiction or its motives in issuing the subpoena. Therefore, although the Government's affidavit provides little information, the Court holds that the affidavit is nevertheless sufficient to constitute the "minimum showing" required by *Schofield I.*

Movants also argue that the subpoenas are defective in their failure to disclose whether any of the persons subpoenaed are targets of the investigation. However, the Government has since disclosed in its answer and by letter to the movants' counsel, that Alan P. Scott is a target of the investigation and that Donna Scott is not. Therefore, the Court need not decide whether such disclosure is required on the face of a grand jury subpoena.

The Court has considered the other arguments raised by the motion to quash and

has found them to be wholly without merit. For this reason, as well as those discussed above, the motion to quash has been denied. This Memorandum is in support of this Court's Order of March 23, 1981.