**UNITED STATES of America**
**v.**
**Jansen K. HOORNBEEK, Defendant.**

United States District Court
S. D. New York.

May 13, 1954.
Reargument Denied June 17, 1954.

J. Edward Lumbard, U. S. Atty., New York City, Leonard Maran, New York City, of counsel, for the United States.

Corcoran & Kostelanetz, New York City, for defendant.

SUGARMAN, District Judge.

The Government having indicated its intention of proving its case on the "net worth-expenditure" theory,[1] it will supply particulars as follows:

1. The claimed net worth of the defendant and his wife as of January 1, 1947.

2. The claimed net worth of the defendant and his wife as of December 31, 1947.

3. The defendant's and his wife's expenditures for the calendar year 1947 setting forth (a) the date of each claimed expenditure; (b) the payee thereof; (c) the amount thereof.

4. The deductions allowed in arriving at the claimed net income in count 1 of the indictment.

5. The exemptions allowed in arriving at the claimed net income in count 1 of the indictment.

6. The claimed net worth of the defendant and his wife as of January 1, 1948.

7. The claimed net worth of the defendant and his wife as of December 31, 1948.

8. The defendant's and his wife's expenditures for the calendar year 1948 setting forth (a) the date of each claimed expenditure; (b) the payee thereof; (c) the amount thereof.

9. The deductions allowed in arriving at the claimed net income in count 2 of the indictment.

1. United States v. Caserta, 3 Cir., 199 F.2d 905.

10. The exemptions allowed in arriving at the claimed net income in count 2 of the indictment.

It is so ordered.

## On Motion for Reargument

 While it is true that the court's memorandum decision of May 13, 1954, deciding defendant's original motion for a bill of particulars, ultimately assumed a form that neither party could reasonably be expected to have anticipated, thereby justifying the government's quest of reargument as to items 3 and 8 thereof, it now appears, after oral argument of the motion to reargue was allowed and briefs received, that the granting of said items was not error.

Inasmuch as a district court "is clothed with considerable discretion in making its orders" for bills of particulars in criminal cases,[1] it is to be expected that variances will occur in the extent to which different judges will order particulars supplied to insure that defendant be not taken by surprise in the progress of the trial or that his substantial rights be not prejudiced.[2]

Personally, I feel that, in a "net worth-expenditure" case, it is not sufficient to merely disclose to the defendant the theory upon which the government plans to proceed, as was suggested by the Third Circuit,[3] despite the government's being put to that method of proof because of the defendant's alleged failure to maintain accurate books.

The reasoning employed by District Judge Kennedy of Wyoming, sitting in this district[4] in a situation substantially, although not identically, the same as that here presented, in my view, indicates the propriety of the course herein originally chosen in ordering the particulars contemplated by the now disputed items 3 and 8.

Oddly enough, that case answers the government's present main contention raised on oral argument that, although it has no misgivings about this defendant, it feels concern that the original decision herein may work to the government's disadvantage if followed in cases wherein the defendants might be disposed to improperly use the information disclosed. Judge Kennedy observed on that score that "[t]here has been no intimation to the court that the defendants in this case come within the class of gangsters or racketeers which in some instances might justify the court in the interest of the public welfare to refrain from giving the details of transactions relied upon by the government in advance of the trial".

Motion for reargument denied. So ordered.

1. United States v. Skidmore, 7 Cir., 123 F. 2d 604, 607, certiorari denied 315 U.S. 800, 62 S.Ct. 629, 86 L.Ed. 1201.

2. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545.

3. United States v. Caserta, 3 Cir., 199 F.2d 905.

4. United States v. Empire State Paper Corporation, D.C.S.D.N.Y., 8 F.Supp. 220, 221.