**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph J. GAY, Defendant-Appellant.**

**No. 400, Docket 77–1369.**

United States Court of Appeals, Second Circuit.

Argued Nov. 18, 1977.

Decided Jan. 6, 1978.

R. William Stephens, Buffalo, N. Y. (Raichle, Banning, Weiss & Helpern, Buffalo, N. Y., of counsel), for defendant-appellant.

Richard E. Mellenger, Asst. U. S. Atty., Buffalo, N. Y. (Richard J. Arcara, U. S. Atty., W. D. N. Y., Buffalo, N. Y., of counsel), for plaintiff-appellee.

Before FEINBERG, MANSFIELD and TIMBERS, Circuit Judges.

PER CURIAM:

After a jury trial before Judge John T. Curtin in the Western District of New York appellant was on April 13, 1976, found guilty of five counts of an indictment charging him with attempted willful evasion of income tax due during the years 1967 through 1971 in violation of Title 26 U.S.C. § 7201. On July 21, 1977, following a delay attributable to extensive post-trial motions pursued by new counsel for appellant, which were denied, the defendant was sentenced to three years probation on count one and fines on all five counts.

At trial the government used the "expenditures" method to prove the alleged

attempted tax evasion of approximately $71,436 for the years in question. See *Taglianetti v. United States*, 398 F.2d 558 (1st Cir. 1968). Under the expenditures method the government establishes as unreported income the amount of the taxpayer's expenditures during the taxable year that are not attributable to resources on hand at the beginning of the year, non-taxable sources received during the year, or amounts reported by the taxpayer as income during the year. The reliability of the method depends on a reasonably accurate identification of the taxpayer's net worth position in terms of assets held at the beginning and end of the taxable year. *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *United States v. Penosi*, 452 F.2d 217 (5th Cir. 1971), *cert. denied*, 405 U.S. 1065, 92 S.Ct. 1495, 31 L.Ed.2d 795 (1972). Otherwise the expenditures might be attributable to conversion of the taxpayer's prior accumulated capital rather than to income received during that period. See *United States v. Fisher*, 518 F.2d 836 (2d Cir. 1975); *United States v. Bianco*, 534 F.2d 501 (2d Cir. 1976).

In the present case the government offered extensive and detailed proof of appellant's opening net worth as of December 31, 1966 (including securities, mortgage receivables, United States Savings Bonds and cash on hand), his closing net worth, non-taxable sources of income and his expenditures. Appellant's principal defense was that the opening net worth established by the government was incorrect because it did not include a "cash hoard" of more than $100,000, which he revealed for the first time in trial testimony as having been accumulated by him prior to 1967, kept in a tin box in the basement of his home, and used both prior to and after 1967 to make various cash mortgage loans to relatives, friends and acquaintances who from time to time paid back some or all of the loans to appellant. Appellant argued that this case hoard accounted for his later expenditures attributed by the government to income and that since this was not taken into account by the government it negated an inference from the government's evidence that expenditures during the 1967–1971 period were derived from unreported income.

In response to appellant's claim of a cash hoard, the government pointed to appellant's own statement to its agents, made during the course of their pre-prosecution investigation, to the effect that appellant would never have more than $2,000 in cash around the house and that his wife had saved not more than $11,000. On the basis of these statements the government credited $13,000 in cash to appellant's opening net worth. Moreover, the government credited appellant's net worth with mortgage receivables that were a matter of record.

Appellant's principal contention here is that, in view of the evidence introduced by him for the first time at trial with respect to the cash hoard, mortgages and pay-backs, the indictment must be dismissed because of the government's failure to negate this proof by investigating, obtaining and analyzing evidence with respect to his cash hoard and mortgage dealings for the years prior to those which were the subject of the indictment. This contention must be rejected. The government was not under any such burden. See *United States v. Penosi, supra*, 452 F.2d at 219–20. It was entitled to accept appellant's statement to the effect that at most he kept $2,000 on hand and did not have any larger cash hoard. To impose on the government the burden of anticipating that appellant would change his version and of negating a possible contrary story with respect to matters peculiarly within appellant's personal knowledge is to ask the impossible. The evidence presented a clear issue of fact and the jury was entitled to infer, as it apparently did, that appellant's "cash hoard" testimony was a belated and blatant concoction which was not entitled to any credit.

We find it unnecessary to discuss the other points raised by appellant, which are equally meritless.

The judgment of conviction is affirmed.