**In re GRAND JURY PROCEEDINGS.**

**Appeal of Larry SMITH, witness.**

**No. 78–1650.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 22, 1978.

Decided July 27, 1978.

Joel Harvey Slomsky, Philadelphia, Daniel J. DiGiacomo, Philadelphia, Pa., for appellant.

Ronald G. Cole, Special Atty., Philadelphia Strike Force, Philadelphia, Pa., Jerome M. Feit, Frank J. Marine, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before SEITZ, Chief Judge, and ALDISERT and ROSENN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

This is an appeal by Larry Smith from an order of the district court holding him in civil contempt of court.

Smith was served with a subpoena *duces tecum* directing him to produce before the grand jury on March 1, 1978, certain designated records of Rittenhouse Consulting Services, Inc.; Severance Administrators, Inc.; and Specialized Assurance, Inc. It is undisputed that Smith is the custodian of the subpoenaed records and a principal officer of the three corporations.

Smith moved to quash the subpoena on the grounds that it was overbroad, unfairly burdensome and that the government failed to show that the records were relevant to a proper inquiry of the grand jury. Smith further requested that the government establish that it had complied with Rule 6(e) Federal Rules of Criminal Procedure by providing the district court with the names of persons to whom disclosure of the subpoenaed information would be made and that the government affirm or deny under 18 U.S.C. § 3504(a)(1) whether Smith was subjected to illegal electronic surveillance.

The government submitted an affidavit in opposition to the motion to quash in which it stated that the subpoenaed records were relevant and necessary to the grand jury's investigation of Smith's and others' alleged illegal activities concerning "receipt of bribes by employee benefit plan officials and theft or embezzlement from employee benefit plan[s]." The affidavit recited that the government complied with its filing obligations under F.R.Cr.P. 6(e).

At an *in camera* hearing on the motion to quash or modify the subpoena *duces tecum*, Smith contended that the subpoena was overbroad. Smith also requested to see the 6(e) disclosure notice of the names of the persons to whom disclosure of the grand jury information would be made. At the hearing, the government stated that the grand jury was investigating allegations that Smith, as the majority owner and operator of the three corporations listed in the subpoena *duces tecum*, engaged in bribes, theft and/or embezzlement from employee benefit plans. The district court ruled that the government's affidavit as augmented at the hearing complied with this court's requirement that the government show the subpoenaed items to be relevant to a proper inquiry of the grand jury. *In re Grand Jury Proceedings*, 486 F.2d 85 (3rd Cir. 1973) (*Schofield I*). The court, however, reserved decision on appellant's request to inspect the F.R.Cr.P. 6(e)(2)(B) notice of disclosure which the government filed with the court and which was impounded under Local Rule 4(c).

The court denied Smith's motion to quash and ordered him to comply with the subpoena *duces tecum* ; which order was stayed pending submission by the government of an affidavit denying the use by the government of illegal electronic surveillance. The court reserved decision on the question of Smith's access to the 6(e) notice, deeming this issue to be separate and apart from compliance with the subpoena. On May 19, 1978, the court, noting that the government had filed an affidavit on the subject of electronic surveillance, declared the subpoena ripe for compliance and denied Smith's motion to inspect the 6(e) disclosure notice.

At this juncture, defense counsel informed the court that Smith would not comply with the court's order compelling compliance with the subpoena. The government then moved to hold Smith in contempt pursuant to 28 U.S.C. § 1826. At the contempt hearing Smith claimed that he was entitled to secure revelation of the notice of disclosure before complying with the subpoena. Hence, the witness asserted that the fact that he had not been shown the notice of disclosure provided him with a justifiable defense for not complying with the subpoena. The district court rejected Smith's defense. Smith still refused to produce the subpoenaed records. After the court advised Smith of the consequences of such refusal, he again refused to comply with the court's order to produce the subpoenaed records. The court then ruled Smith to be in contempt pursuant to 28 U.S.C. § 1826. Smith now appeals the order holding him in contempt of court on the grounds that: (1) the *Schofield* affidavit provided by the government was not sufficiently particular to allow the court to properly determine the relevancy and purpose of each subpoenaed document to the grand jury investigation; and (2) he was entitled to know under Rule 6(e)(2)(B), Federal Rules of Criminal Procedure, the identity of government personnel to whom disclosure will be made of the content of the subpoenaed records. We turn to those issues.

## I.

In order to obtain enforcement of a grand jury subpoena *duces tecum*, the government is required to make at least a minimal showing by affidavit of the existence of a proper purpose. Such enforcement may be obtained where it is shown that the items sought are (1) relevant to an investigation, (2) properly within the grand jury's jurisdiction, and (3) not sought primarily for another purpose. *In re Grand Jury Proceedings*, 507 F.2d 963 (3rd Cir. 1975), *cert. denied*, 421 U.S. 1015, 95 S.Ct. 2424, 44 L.Ed.2d 685 (*Schofield II*). Smith contends that the court abused its discretion by failing to determine the relevance and purpose of the records to the grand jury investigation.

The government's affidavit reveals that the grand jury was conducting an investigation into alleged "receipt of bribes by employee benefit plan officials and theft or embezzlement from employee benefit plans" and "alleged criminal activity on the part of individuals involved in the administration of the assets of employee benefit plans." The affidavit contains the representation that: "The items sought by the Grand Jury are relevant to the Grand Jury investigation and are not sought primarily for another purpose."

The sufficiency of the government's showing is committed to the sound discretion of the district court whose decision will not be disturbed unless this court finds that the district court's judgment amounted to an abuse of discretion. Our review of the corrected affidavit and the facts and circumstances of the grand jury proceedings shows no abuse of discretion by the district court in ruling the government's affidavit legally sufficient.

Here the subject matter of the grand jury's investigation includes Smith's and the three corporations' possible involvement in criminal activities with respect to employee benefit plans. More specifically, as revealed in the district court's hearing on this matter at which the *Schofield* affidavit was augmented, the grand jury is looking to see whether somebody connected with employee benefit plans paid or received

bribes. Where corporate entities and their officers are suspected of involvement with illegal bribes a broad examination of such corporations' records may indeed be necessary inasmuch as "[a] grand jury's investigation is not fully carried out until every reliable clue has been run down and all witnesses examined in every proper way to find if a crime has been committed . . . ." *United States v. Dionisio*, 410 U.S. 1, 13, 93 S.Ct. 764, 771, 35 L.Ed.2d 67 (1973), quoting from *United States v. Stone*, 429 F.2d 138, 149 (2nd Cir. 1970). The records sought by the government will allow an examination of the financial transactions of the corporate entities to determine whether such transactions involve employee benefit plans in a manner violative of the law and will also allow the identification of the individuals conducting the corporations' affairs who may be responsible for any such violations of the law.

We think the district court was justified in concluding that the subpoenaed materials were relevant to a proper grand jury investigation within the meaning of *Schofield I.*

Smith would have us hold that the government's affidavit is insufficient since no showing has been made by the government concerning which union or unions is involved and the relationship between the three corporations and the union. Smith argues that if the court had such information from the government, it could properly control the necessity for the government's agents to review records relating to unions or other entities not connected to the grand jury's investigation. We must reject these arguments, given the nature of the suspected violations being investigated. The government cannot be required to detail the nature of the very relationships it is questioning in its investigation. Moreover, there is an obvious likelihood that any "bribe taking or embezzlement" will have been disguised as a legitimate transaction, perhaps "laundered" through an entity which on the surface may appear to have no connection with unions or pension funds. Under these circumstances, to allow anyone suspected of taking a bribe or embezzlement to control access to the very documents which might establish such criminal violations would thwart the necessary and proper functions of the grand jury process. We find no fault with the district court's determination that the government's *Schofield* affidavit as augmented in the hearings before the district court is legally sufficient.

## II.

We now address Smith's contention that he was not required to obey the subpoena *duces tecum* and implementing court order until the government delivered to him copies of its 6(e) disclosure notice. The government responds, *inter alia*, that Smith's access to the 6(e) disclosure notice is wholly unrelated to his duty to comply with the subpoena *duces tecum* and implementing order. The district court agreed with the government.

Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure provides:

(B) Any person to whom matters are disclosed under subparagraph (A) (ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce Federal criminal law. An attorney for the government shall promptly provide the district court, before which was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made.

Under the quoted language, an attorney for the government is required to provide the district court before which a grand jury is impaneled the names of persons to whom disclosure of grand jury material has been made. This was done on an *in camera* basis because of Eastern District of Pennsylvania Local Criminal Rule 4(c) requiring the impoundment of grand jury papers to prevent premature public disclosure.

The witness, Smith, contends that Rule 6(e) is not complied with until a copy of the notice of disclosure is served upon the witness. He argues that since the notice of disclosure has not been provided for his

inspection, he is justified in not complying with the subpoena *duces tecum.* We cannot agree.

First, 6(e)(2)(B) *requires* a filing only *after* the materials have been disclosed. Not only is this apparent from the language of the Rule used but it is also reinforced by the legislative history. Thus, the Senate Report states:

> In order to facilitate resolution of subsequent claims of improper disclosure, subparagraph (B) further provides that the names of government personnel designated to assist the attorney for the government shall be promptly provided to the district court and such personnel shall not utilize grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce Federal criminal law. Although not expressly required by the rule, the Committee contemplates that the names of such personnel will generally be furnished to the court before disclosure is made to them. S.Rep.No. 95–354, 95th Cong., 1st Sess. pp. 7–8 *reprinted in* [1977] U.S.Code Cong. & Admin.News pp. 527, 531.

Thus, if the disclosure notice is not required to be filed with the district court before the subpoenaed material is examined, *a fortiori,* a witness responding to a subpoena *duces tecum* is not entitled to a disclosure as a precondition to compliance. Further, given the purpose of the filing requirement, to-wit, "to facilitate resolution of subsequent claims of improper disclosure," it is evident that there is no relationship between this purpose and the obligation to obey a subpoena *duces tecum.*

We also believe that there are sound policy reasons why such revelations should not be a condition precedent to compliance with a subpoena. The grand jury investigation might be compromised by the very act of disclosing the person to whom disclosure has been made. By virtue of their names, geographical location or title, a subject of an investigation might be tipped off as to the direction in which the grand jury is heading.

We agree with the district court that witness Smith has not shown just cause for his refusal to comply with the production order of the district court. We are not required to determine the rights, if any, of a witness to the contents of the disclosure notice under other circumstances.

The order of the district court holding the witness in contempt of court will be affirmed.