UNITED STATES of America, Plaintiff,

v.

John HEDMAN et al., Defendants.

No. 78 CR 394.

United States District Court,
N. D. Illinois, E. D.

Sept. 11, 1978.

As Amended on Motion for Reconsideration Oct. 29, 1978.

Edward J. Calihan, Jr., Chicago, Ill., for Michael Jercich and Henry Larsen.

## MEMORANDUM OPINION and ORDER

BUA, District Judge.

The defendants, John Hedman, Michael Jercich, Thomas Karnick, and Henry Larsen, were named in a nineteen count indictment returned by the Special November, 1975, Grand Jury. All of the defendants were indicted for extortion and for conspiracy to commit extortion under 18 U.S.C. § 1951. Defendants Hedman, Jercich, and Larsen were also indicted for filing false tax returns under 26 U.S.C. § 7206(1). Before the court are the defendants' motions for a Bill of Particulars.

▮ The granting of a Bill of Particulars is within the discretion of the trial judge. *United States v. Barrett,* 505 F.2d 1091, 1106 (7th Cir.), *cert. denied,* 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975); *United States v. Johnson,* 504 F.2d 622, 627 n.13 (7th Cir. 1974). In exercising that discretion, the judge must remember that the governing Rule 7(f) of the Federal Rules of Criminal Procedure was altered in 1966 "to encourage a more liberal attitude by the courts toward bills of particulars . . . .,"[1] Note of Advisory Committee, Rule 7, F.R.Crim.P. "The test in passing on a motion for a bill of particulars should be whether it is necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided." C. Wright, Federal Practice and Procedure: Criminal § 129 (1969).

*1. Request No. 1.*

The Government has agreed to identify every co-conspirator not named in Count One of the indictment whom the Government will contend at trial was a co-conspirator. Request No. 1 is therefore granted.

Thomas P. Sullivan, U. S. Atty., Thomas P. Johnson, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Julius Lucius Echeles, Chicago, Ill., for Thomas Karnick.

Matthias A. Lydon, Chicago, Ill., for John Hedman.

---

1. "[D]ecisions prior to the amendment of the rule refusing to order a bill must now be scrutinized with particular care, since they may be inconsistent with the liberal attitude the amendment was designed to foster." C. Wright, Federal Practice and Procedure: Criminal § 129 (1969). Thus, most of the authority cited in the Government's brief is of limited precedential value.

### 2. *Request No. 2.*

■ This request is set out in the margin.[2] In it, the defendants are asking the Government to detail the evidence it will use at trial.

Even after the liberalization of Rule 7, the Seventh Circuit has held that "[I]t is well settled that a bill of particulars cannot be used [merely] to obtain a list of the government's witnesses . . . or evidentiary detail." *United States v. Johnson*, 504 F.2d at 628. Thus, this court would only grant such a Bill if a particularized need were demonstrated, or if the indictment were not sufficiently specific to provide the defendants adequate notice for preparing their defense. The defendants have made no showing of a particularized need, and this court finds that the specified counts of the indictment do provide the defendants with sufficient notice to prepare their defense. Accordingly, Request No. 2 is denied.

### 3. *Request No. 3.*

■ The third request deals with the tax counts against defendants Hedman, Jercich, and Larsen.[3] The criminal tax counts present circumstances not present in the other counts.

In a criminal income tax case, the amount of reportable income omitted may be proved by the Government by several different methods. . . . Because factual questions in criminal tax cases are generally complex, considerable time and expense must be employed in preparing even one defense. Thus, requiring a defendant to develop alternative defenses to the three alternative theories that the Government might proceed upon would result in the expenditure of a great deal of unnecessary labor, and even possibly impair an adequate preparation of a defense which a defendant will, in fact, need to raise at trial. On the other hand, the Government's case will not be unduly prejudiced by disclosing the particular theory which it intends to use at trial to prove omitted income.

*United States v. Goldstein*, 56 F.R.D. 52, 55 (D.Del.1972).

Thus, the court finds that a particularized need exists for the request to be granted. Furthermore, while the court has ruled that the indictments are sufficiently specific to survive the defendants' motions to dismiss, it finds that granting the request will substantially assist the defendants in preparing their defense. Accordingly, Request No. 3 will be granted.

THEREFORE, IT IS ORDERED that Requests Nos. 1 and 3 of the defendants' Motions for a Bill of Particulars is granted, and Request No. 2 of the Motions is denied. The Government shall file its response to Requests Nos. 1 and 3 within 10 days of the filing of this order.

---

**2.** Request No. 2:

"With respect to Paragraphs 1(a), 1(b), and 2 of Counts 1, 3, 5, 7, 9, 10, and 12 of the indictment, state the following:

(a) did the defendants . . . enforce the provisions of the Chicago Building Code, fail to enforce them, or enforce them wrongfully? Provide the specifics with respect to each said act or omission in terms of when, where, what took place, who was present, and what code provision was involved.

(b) what obstruction, delay, and effect on commerce actually took place? If none, then what obstruction, delay, and effect on commerce was probable or anticipated?

(c) specify, [sic] when, where, in what amounts, to whom, and by whom were payments obtained from Danley Lumber Company, Allstate Lumber Company, Ashland Building and Improvement Company, Airoom, Inc., and Solar Construction Company."

**3.** Request No. 3 asks the government to:

"(a) specify the amounts that the prosecution will contend should have been shown on the Forms 1040, Page 1, Line 13, for the calendar years 1973 and 1974, as to each defendant.

(b) specify the particular items of total income as to each defendant allegedly not stated on Line 13, Page 1 of the Forms 1040 for the calendar years 1973 and 1974, the sources from which each item was derived, disclosing when, where, how and by whom payment was made to each of the defendants . . . .

(c) specify the deductions and costs allowed and/or disallowed against such income as to each defendant.

(d) state whether the prosecution intends to rely upon the net worth method, and if so, the alleged opening and closing net worth for 1973 and 1974, and the assets comprising such net worth as to each defendant."

## ON DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants moved to reconsider the court's denial of Request No. 2 of their Bill of Particulars. Having demonstrated a particularized need for the information concerning Airoom, Inc., and Solar Construction Co., as stated in Request No. 2(c), in their preparation for trial, defendants' motion to reconsider is granted in part. The government is ordered to provide said information. The remainder of the motion for reconsideration is denied.